UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGEL SUAREZ TORRES,                                    Case No.

                            Plaintiff,

               -vs.-
                                                        **COMPLAINT**

KOPY DINER LLC d/b/a ROYAL COACH DINER
and KONSTANTINOS PAXOS a/k/a GUS PAXOS,

                            Defendants.
-------------------------------------------------------------------X

        Plaintiff, ANGEL SUAREZ TORRES, by and through his attorneys, the LAW

OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as

follows:


                            ***THE PARTIES***


        1.      Plaintiff ANGEL SUAREZ TORRES, (hereinafter "Mr. Torres" or

"Plaintiff") is an individual residing in the Bronx, New York.


        2.      Upon information and belief, Defendant KOPY DINER LLC d/b/a ROYAL

COACH DINER, (hereinafter "Royal Coach") was and is a domestic corporation whose

principal place of business is located at 3260 Boston Road, Bronx, NY 10469.


        3.      Upon information and belief, Defendant KONSTANTINOS PAXOS a/k/a

GUS PAXOS, (hereinafter "Paxos") is an individual, whose actual place of business is

located at 3260 Boston Road, Bronx, NY 10469.

4.      Upon information and belief, at all times herein pertinent, Defendant Paxos, served as a principal, officer and/or manager of Defendants Royal Coach Diner.

5.      Upon information and belief, for the calendar year 2013 the gross receipts of Royal Coach Diner were not less than $500,000.00.

6.      Upon information and belief, for the calendar year 2014 the gross receipts of Royal Coach Diner were not less than $500,000.00.

7.      Upon information and belief, for the calendar year 2015 the gross receipts of Royal Coach Diner were not less than $500,000.00.

8.      Upon information and belief, for the calendar year 2016 the gross receipts of Royal Coach Diner will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

9.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

10.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

11.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12.     At all times herein pertinent, and in the course of his duties, Mr. Torres regularly handled products which had been moved in commerce.

13.     Mr. Torres' primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

14.     Royal Coach Diner operates as a restaurant.

15.     Mr. Torres was employed by the Defendants from on or about June 1, 2015 until on or about December 28, 2015.

16.     Mr. Torres hired by the Defendants as a busboy whose duties included, but were not limited to, cleaning bathrooms and tables, replenishing counter top items, sweeping the parking lot, and prepping food.

17.     Mr. Torres spent the majority of his work time doing non-tipped tasks.  As a result, Defendants cannot claim a tip credit under the NYLL or FLSA.

18.     Mr. Torres was scheduled to work six days per work week, Mondays, Tuesday and Thursdays from 7:00 AM until about 4:00 PM, Fridays and Saturdays from 7:00 AM until 7:00 PM and Sundays from 7:00 AM until 5:00 PM.  After working this schedule and clocking out, Defendants required Plaintiff to do approximately 45 minutes of additional work "off the clock".

19.     Mr. Torres received paystubs on a weekly basis which stated that he received $5.00 per hour for each hour he worked up to 40 hours per week, and $9.50 for each hour over 40 that he worked.

20.     Mr. Torres was not paid for any of the "off the clock" work he performed.

21.     Mr. Torres regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half the statutory minimum wage for those hours.

22.     Mr. Torres did not receive the statutory minimum wage.

23.     Mr. Torres was not compensated an additional hour's pay at the prevailing State minimum wage for his spread of hours.

24.     Defendants did not allow Mr. Torres to retain all the tips he earned.

4

25.     Upon information and belief, Defendants failed to notify Mr. Torres in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

26.     Upon information and belief Defendants failed to notify Mr. Torres either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

27.     Defendants made unlawful deductions from Mr. Torres' wages, including, but not limited to, deductions for meal credits.  Upon information and belief, Defendants deducted a fixed rate per pay period for meals regardless of the number of meals actually eaten by Mr. Torres.  Further, upon information and belief, the meals provided by Defendants did not conform to New York State regulations.

28.     Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Mr. Torres' wages.

29.     Defendant Paxos is a "Principal" listed on the active New York State Liquor licenses for the premises doing business as, Royal Coach Diner.

30.     Upon information and belief, Defendant Paxos had the power to hire employees at Royal Coach Diner.

31.     Upon information and belief, Defendant Paxos hired Mr. Torres on or about June 1, 2015.

32.     Upon information and belief, Defendant Paxos had the power to fire employees at Royal Coach Diner.

33.     Defendant Paxos controlled the terms of Mr. Torres' employment in that he would tell Mr. Torres what tasks to complete and on what time frame they needed to be completed.

34.     Upon information and belief, the Defendant Paxos controlled the work schedule of all of the employees of Royal Coach Diner, including Mr. Torres' work schedule.

35.     Upon information and belief, the Defendant Paxos controlled the rates and methods of payment of each of the employees of Royal Coach Diner, including the Mr. Torres' pay rate and methods of pay.

36.     At all times herein pertinent, the Mr. Torres performed his duties for Defendants Royal Coach Diner, at the direction and under the control of Defendant Paxos.

37.     Upon information and belief, and at all times herein pertinent, Defendant Paxos exercised close control over the managerial operations of Royal Coach Diner, including the policies and practices concerning employees.

38.     At all times herein pertinent, Defendant Paxos controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and

as to wages with respect to the employees of Royal Coach Diner in general, and with respect to Mr. Torres in particular.

39.     At all times herein pertinent, Defendant Paxos acted as Mr. Torres' employer within the meaning of the FLSA and the New York State Labor Law.

40.     The Defendants did not create or maintain records showing the precise number of hours worked by Mr. Torres.

41.     The Defendants did not create or maintain records showing the precise amount of wages earned by Mr. Torres or of the correct amount of tips earned by Mr. Torres.

42.     Mr. Torres alternatively alleges that Defendants created records showing the number of hours Mr. Torres worked, of wages or tips earned but upon information and belief, has not maintained them as required by law.

43.     Defendant failed to furnish Mr. Torres with proper annual wage notices, as required by the NYLL.

44.     Defendants failed to furnish Mr. Torres with a proper statement with every payment of wages, as required by the NYLL.

***AS AND FOR A FIRST CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(FAILURE TO PAY MINIMUM WAGE)***

45.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

47.     The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

***AS AND FOR A SECOND CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(FAILURE TO PAY OVERTIME)***

48.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

50.    The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

51.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52.    The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiff the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

53.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54.    The Defendants herein knowingly and in bad faith violated  Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

9

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD-OF-HOURS & SPLIT-SHIFT PAY)*

55.     Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiffs, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### (UNLAWFUL WAGE DEDUCTION)

57.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58.     At all times relevant, Defendants have made unlawful deductions from the wages of the Plaintiff, including, but not limited to, deductions for meals.

59.     Defendants have deducted a fixed amount per period from the Plaintiff's wages regardless of the number of meals actually eaten by Plaintiff.

60.     The meals provided by the Defendants did not conform to 12 NYCRR §§ 146 *et seq.*

61.     The deductions made from the Plaintiff's wages were not expressly authorized in writing by Plaintiff and have not been for the benefit of the Plaintiff.

62.     Through their knowing or intentional efforts to permit unauthorized deductions from the wages of the Plaintiff, Defendants willfully violated NYLL, Art. 6 §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)*

63.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

64.     Defendants have willfully failed to furnish Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65.     Through their knowing or intentional failure to provide Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

66.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### AS AND FOR A EIGHTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE PROPER WAGE STATEMENTS)

67.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68.     Defendants have willfully failed to furnish Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

69.    Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

70.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a)  awarding back pay for minimum wages due and owing to the Plaintiff;

b)  awarding back pay for overtime pay due and owing to the Plaintiff;

c)  awarding spread of hours and split shift pay due and owing to the Plaintiff;

d)  Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e)  reimbursement of all misappropriated tips, service charges, and other unlawful deductions;

13

f)  awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New
    York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g)  awarding the costs and disbursements of this action, along with reasonable
    attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor
    Law, Articles 6 & 19, §§ 198(1-a), 663(1);

h)  awarding any other relief this Court deems just, proper and equitable.


Dated:  New York, New York
        March 24, 2016


                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO


                                    Amit Kumar (AK0822)
                                    Attorneys for Plaintiff
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@Cafaroesq.com
                                    Our File No.: 52864-CS

To:

KOPY DINER LLC d/b/a ROYAL COACH DINER
3260 Boston Road
Bronx, NY 10469

KONSTANTINOS PAXOS a/k/a GUS PAXOS
3260 Boston Road
Bronx, NY 10469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGEL SUAREZ TORRES,                                             Case No.

                              Plaintiff,

              -vs.-

KOPY DINER LLC d/b/a ROYAL COACH DINER
and KONSTANTINOS PAXOS a/k/a GUS PAXOS,

                              Defendants.
-----------------------------------------------------------------X

_____

**COMPLAINT**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52864-CS

15